WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Floyd Lewis Foster, Jr., | No. CV-20-00371-TUC-RCC |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

On September 16, 2022, Magistrate Judge Jacqueline M. Rateau issued a Report and Recommendation ("R&R") in which she recommended the Court dismiss Petitioner Floyd Lewis Foster, Jr.'s Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) (Doc. 1). (Doc. 16.) Petitioner filed an objection to the R&R (Doc. 21), and Respondents a response (Doc. 22). Upon review, the Court will adopt the R&R and dismiss Petitioner's § 2254 Habeas Petition.

**I.   STANDARD OF REVIEW**

The standard the district court uses when reviewing a magistrate judge's R&R is dependent upon whether a party objects: where there is no objection to a magistrate's factual or legal determinations, the district court need not review the decision "under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, when a party objects, the district court must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected

to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). Moreover, "while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154.

A petitioner's objections to an R&R must specifically indicate the findings and recommendations for which he disagrees. Fed. R. Civ. P. 72(b). In addition, arguments raised for the first time in an objection need not be reviewed. *See United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) ("[A] district court may, but is not required to, consider evidence presented for the first time in a party's objection to the magistrate judge's recommendation.").

There being no objection to the factual summary of the case, the Court adopts the Magistrate Judge's recitation of the facts, and only summarizes them as necessary to address Petitioner's objections.

## II. PETITIONER'S OBJECTIONS

### a. CLAIM 3(B) IS NON-COGNIZABLE IN HABEAS

Claim 3(B) asserts that Petitioner's Sixth Amendment due process rights were violated when the trial court allowed the prosecution to introduce evidence of a syringe discovered in his holding cell. (Doc. 1 at 8.) The Magistrate Judge's R&R noted that "state court evidentiary rulings based upon issues of state law are not cognizable on federal habeas review." (Doc. 16 at 9 (first citing *Dubria v. Smith*, 224 F.3d 995, 1001 (9th Cir 2000); then citing *Wyndham v. Merkle*, 163 F.3d 1092, 1103 (9th Cir 1998).)

Petitioner objects to the Magistrate Judge's conclusion that Claim 3(B) was non-cognizable in habeas, arguing "the presumption of correctness should not have been applied because the issue of the syringe and circumstances surrounding

thereof, involve a mixed question of law and fact." (Doc. 21 at 2 (citing Doc. 16 at 9–10).)

Petitioner's objection does not undermine the Magistrate's conclusion. The state court's admission of evidence is a question state law that is precluded from review in a § 2254 habeas. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) ("[F]ederal habeas corpus relief does not lie for errors of state law.") (citation and quotation marks omitted).

### b. OBJECTION TO CLAIM 3(C) WAS NOT BEFORE THE MAGISTRATE

Claim 3(C) asserts that Petitioner's Sixth Amendment Due Process rights were violated when the "trial court improperly instructed the jury on possession of a firearm during the commission of an offense as an aggravating factor." (Doc. 1 at 8.) The Magistrate Judge noted that Petitioner made this argument to state appellate court, who rejected it "determining that the relevant statute was A.R.S.§ 13-701(D)(2) [not A.R.S. §13-3102(A)(8), as argued by Petitioner] and this statute expressly addresses the use of a deadly weapon during the commission of an offense as a sentencing factor." (Doc. 16 at 10.) Thus, the Magistrate concluded that "Claim 3(C) concerns state sentencing law and is non-cognizable on federal habeas review." (*Id.* (citing *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).)

Petitioner's objection argues that the two statutes—ARS § 13-701(D)(2) and § 1303102(A)(8)—"offend[] *Ring v. Arizona*, 536 U.S. 584 (2002)" because "when the elements of a crime provide for consideration of a piece of evidence, that same piece of evidence cannot be used to aggravate a sentence." (Doc. 21 at 3.)

In this circuit, a district judge need not conduct a de novo review of arguments never raised before the magistrate judge. *Howell*, 231 F.3d at 621. Therefore, the Court will not review this newly raised argument. Regardless, the Court finds the Magistrate was correct in determining that the sentencing law raised a state issue not reviewable in habeas. *See Swarthout*, 562 U.S. at 219.

### c. GROUNDS 1(B)–1(D), 2, & 3 ARE PROCEDURALLY BARRED

Petitioner objects to the Magistrate Judge's determination that several of Petitioner's claims were procedurally barred. (Doc. 21 at 4.) He states:

> [Grounds 1(B)–1(D), 2, and 3 are] contrary to clearly established federal law. The Court finds procedural default for failing to raise the claims, in accordance with state procedural rules. Specifically, reproduced are affidavits from my son and parents. They were witnesses to the state manufacturing evidence to ensure there are convictions, in this case. . . . Take away the manufactured evidence, no reasonable juror would have found me guilty.

(*Id.*) Petitioner's objection does not undermine Magistrate Judge's conclusion that Grounds 1(B)–1(D), 2, and 3 were procedurally defaulted without excuse. Furthermore, insofar as this objection raises an actual innocence claim, he has not met his burden of showing that no reasonable factfinder could have found him guilty of the offense. *See Schlup v. Delo*, 513 U.S. 298, 327 (1995).

### III. CONCLUSION

Upon de novo review of the issues raised in Petitioner's objection to the R&R, the Court agrees with the Magistrate Judge's determinations. Petitioner is not entitled to relief in habeas.

### IV. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable persons could not "debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted).

Accordingly, IT IS ORDERED:

1. Magistrate Judge Rateau's Report and Recommendation is ADOPTED.

(Doc. 16.)
2. Floyd Lewis Foster Jr.'s Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is DENIED.
3. The Clerk of Court shall docket accordingly and close the case file in this matter.

Dated this 28th day of November, 2022.

Honorable Raner C. Collins
Senior United States District Judge